IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LENA M. MAGERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3058 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| GARY OLSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Lena M. Magers, a prisoner or pretrial detainee in the Douglas County Correctional Center ("DCCC"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against medical providers at DCCC, police officers, and the public defender representing the plaintiff in a pending criminal proceeding in state court.[1]

**Public Defender**

The plaintiff is dissatisfied with the quality of the legal representation she is receiving from the public defender appointed to defend her in a state prosecution. She alleges that the attorney is conspiring and discriminating against her in the performance of his duties as her legal counsel. However, the plaintiff's claim against the public defender fails to state a claim on which relief may be granted pursuant to 42 U.S.C. § 1983.

---

[1]Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A. Similarly, by proceeding "IFP," the plaintiff subjects her complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law."  A public defender or other attorney representing a defendant in state criminal proceedings is not considered to be acting "under color of state law" in performing an attorney's traditional functions as defense counsel.  See Polk County v. Dodson, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is a legal "assumption that counsel will be free of state control").  Therefore, "a public defender does not act under color of state law when performing a lawyer's traditional functions ...."  Id. at 325.  Even if a public defender performs those functions without due care, the attorney does not act under color of state law.

Therefore, on initial review, the plaintiff's § 1983 claims against public defender Gary Olson must be dismissed, and that defendant will be dismissed from this litigation.  The plaintiff may approach the presiding state judge with any concerns about her legal representation in the state case.

## Police Officers

The plaintiff alleges two kinds of claims against the "police department."  At this point, I will assume that the plaintiff intends to sue officers of the Omaha Police Department whose names will be obtained during discovery.  The two kinds of claims are (1) excessive force and (2) failure to provide Miranda[2] warnings during arrest, detention and interrogation.

Regarding the plaintiff's claims based on the failure to provide Miranda warnings in the course of her arrest and detention, the Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings, and before proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel.  Manning v. Bowersox, 310 F.3d 571, 575 (8th Cir. 2002), cert. denied, 538 U.S. 1035 (2003); United States v. Moore, 122 F.3d 1154, 1155-56 (8th Cir.1997), cert. denied, 522 U.S. 1135 (1998).  As for the Fifth Amendment, in Chavez v. Martinez, 538 U.S. 760 (2003), the U.S. Supreme Court ruled that a § 1983 claim for damages does not lie against officers who wrongfully coerce a suspect to supply incriminating information that is never used in a criminal prosecution.  Inculpatory statements wrongfully compelled by police

---

[2] See Miranda v. Arizona, 384 U.S. 436 (1966), in which the U.S. Supreme Court held that before police may interrogate a suspect who is in custody, the officers must inform the suspect of the Fifth Amendment right to remain silent and the Sixth Amendment right to an attorney.

interrogation may not be used against a defendant at trial, but it is not **until** their use in a criminal case that a violation of the Self-Incrimination Clause of the Fifth Amendment occurs. Id. at 766-73.  Indeed, the Eighth Circuit Court of Appeals holds that a Miranda violation does not give rise to a cause of action under § 1983 at all, and the sole remedy for a violation of Miranda is suppression of any self-incriminating statements.  Hannon v. Sanner, 441 F.3d 635, 636 (8th Cir. 2006).  Accord Brock v. Logan County Sheriff's Dep't, 3 F.3d 1215, 1217 (8th Cir. 1993) (*per curiam*) ("The remedy for [an] alleged Miranda violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action.").

Therefore, the plaintiff's Miranda claim(s) will be dismissed from this litigation. However, her excessive force claim(s) against the police may proceed.

### DCCC and Medical Staff

The plaintiff's final claims involve deficient medical treatment at the DCCC.  Those civil rights claims may proceed.

Ordinarily, initial review and service of process do not take place until after the plaintiff has paid the initial partial filing fee ordered in the Prisoner Payment Order, in this case entered on April 4, 2007 (filing no. 6).  However, I have conducted initial review of the complaint at this time because, upon payment of the plaintiff's initial partial filing fee, I intend to appoint counsel to represent the plaintiff.  Upon appointment of counsel, I will order service of process on the defendants by separate order of the court.

THEREFORE, IT IS ORDERED:

1. That, on initial review, defendant Gary Olson, public defender, and the plaintiff's claims against the Omaha police based on their failure to administer Miranda warnings are dismissed from this litigation pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii);

2. That this case may proceed on the basis of the plaintiff's excessive force claims against the police officers and medical claims against the DCCC personnel; and

3. That the Clerk of Court shall bring this case to my attention when the plaintiff has paid her initial partial filing fee.

DATED this 10th day of April, 2007.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge